IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEMINI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00099-E |
| | § | |
| CYPRESS TEXAS INSURANCE COMPANY; RECONSTRUCTION EXPERTS INC.; MEDRANO E. CONSTRUCTION; THOMAS MERCER, FOR THE MERCER FAMILY TRUST; and FIRST SPECIALTY CORPORATION, | § § § § § § § | |
| | § | |
| Defendants. | § | |

## Memorandum Opinion and Order

Before the Court is Defendant Medrano's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6). (Doc. 14). The Court has considered the motion, response, reply, record, and applicable law. The Court finds that the motion should be, and therefore is, GRANTED.

**I.    Background Facts**

This suit stems from Defendants Reconstruction Experts Inc. ("RE") and Medrano E. Construction ("Medrano") installing defective windows in a residential apartment building. The owner of the building, Thomas Mercer, brought an arbitration proceeding against them which is styled *Thomas Mercer, Trustee for the Mercer Family Trust d/b/a Andalusian Gate Apartments & Townhomes v. Reconstruction Experts v. Medrano Construction*, JAMS Arbitration No. 1310023857 in Dallas Texas.

On October 19, 2020, the Arbitrator rendered a detailed Final Arbitration Award in favor Mr. Mercer. The Arbitrator found Defendants Medrano and RE jointly and severally liable in the

amount of $3,627,930.00 in damages, including for property damage, repair and replacement, and loss of use. Additionally, the Arbitrator found RE was entitled to recover from Medrano in the amount of $371,111.85 for attorneys' fees, expert fees, expense and costs of arbitration, and $2,687,111.58 as an indemnification.

From there, two different lawsuits came about—one lawsuit in state court where Mr. Mercer sought to recover his money per the arbitration award and another in federal court where RE's insurer Gemini Insurance Company ("Gemini") seeks declaratory judgments concerning its legal rights and obligations regarding all parties and insurance companies involved in this dispute. Although the two cases are somewhat distinct, the instant case is dependent on the underlying proceeding. And the timeline in both cases is important for resolving the motions before this Court.

On January 15, 2021, Gemini filed suit in this Court seeking a declaratory judgment regarding its "rights, status, and/or legal obligations" against Mr. Mercer, RE, Medrano, and Medrano's insurer Cypress Texas Insurance Company ("Cypress"), and First Specialty Corporation ("the instant case"). (Doc. 1). One week later, Mr. Mercer filed suit to reduce his arbitration award to a final enforceable judgment in the 95th Judicial District Court of Dallas County ("the underlying proceeding"). *Mercer v. Reconstruction Experts, Inc.*, No. DC-21-00891 (95th Dist. Ct., Dallas County, Tex. Oct. 4, 2021).

On March 9, 2021, Medrano filed a motion to dismiss in the instant case arguing this Court lacked subject matter jurisdiction to grant a declaratory judgment because the instant case was not yet ripe. (Doc. 14). Gemini timely responded arguing otherwise. (Doc. 30). In May of 2021, Gemini filed an amended complaint maintaining that it was entitled to declaratory judgment against the parties it sued, including Medrano. (Doc. 40). By the end of May 2021, Medrano answered Gemini's amended complaint maintaining the same lack of ripeness argument from its

original motion to dismiss. (Doc. 48). While the instant case largely stood still from that point on, the underlying proceeding continued moving forward.

On August 11, 2021, the 95th Judicial District Court rendered a Final Judgment Award in the underlying proceeding that adopted the Arbitrator's decision. However, on October 4, 2021, Mr. Mercer, RE, Medrano, and Cypress entered into a settlement whereby Cypress would pay Mr. Mercer $1,000,000.00 on Medrano's behalf. *Mercer v. Reconstruction Experts, Inc.*, No. DC-21-00891 (95th Dist. Ct., Dallas County, Tex. Oct. 4, 2021) (Release of Judgment). In exchange, Mr. Mercer and RE would "release, acquit, and forever discharge Medrano and Cypress Texas Insurance Company of and from the entire Judgment[.]" *Id.* This Court now must determine whether a declaratory judgment between Gemini and Medrano is still appropriate considering the developments in the underlying proceeding. The Court finds that it is not.

## II.     Legal Standard

The Declaratory Judgment Act provides that the Court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The inquiry is as follows:

> First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.

*Id.* (citations omitted). "[W]hether the action is justiciable, [] frequently boils down to a question of ripeness." *Total Gas & Power N. Am., Inc. v. FERC*, 859 F.3d 325, 332 (5th Cir. 2017) (citing *Orix*, 212 F.3d at 895). "If the action is not ripe, the court must dismiss it." *Id.* at 332–33. Moreover, the Court must end its analysis at the conclusion of the first step of the inquiry. *See Shields v. Norton*, 289 F.3d 832, 837 (5th Cir. 2002) ("This is where a court of limited jurisdiction must stop. . . . we must not proceed until the issue is ripe[.]"); *Orix*, 212 F.3d at 895 (noting the "district court erred in moving beyond the first step of this inquiry.").

To make this ripeness determination the Court must consider two key factors: 1) the fitness of the issue for judicial decision; and 2) the hardship to the parties of withholding court consideration. *See, e.g.*, *Orix*, 212 F.3d at 895 (citations omitted). Moreover, a "declaratory judgment is ripe for adjudication only where an 'actual controversy' exists." *Walmart Inc. V. United States DOJ*, 21 F.4th 300, 311 (5th Cir. 2021) (quoting *Orix*, 212 F.3d at 896). An actual controversy exists where there is "a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Total Gas*, 859 F.3d at 333 (citations omitted); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Accordingly, the Court first considers whether this declaratory judgment action is ripe. Because the Court determines it is not, the Court ends its analysis there. *See Rixoma, Inc. v. Trendtek, LLC*, No. 3:17-CV-2672-L, 2017 U.S. Dist. LEXIS 203643, 2017 WL 6343543, at *3 (N.D. Tex. Dec. 12, 2017) (citation omitted) ("If the action is not ripe for adjudication and therefore not justiciable, the court need not reach the second or third steps."); *Hillwood Dev. Co. v. Related Cos.*, No. 3:04-CV-1100-L, 2006 U.S. Dist. LEXIS 24533, 2006 WL 1140472, at *9 (N.D. Tex. Apr. 28, 2006) (citation omitted) ("Because Plaintiffs fail to establish the existence of

an actual controversy that is ripe for adjudication, the court ends its analysis at the first step of the three-step inquiry.").

### III.  Analysis

After reviewing the law and the facts, the Court determines that it lacks subject matter jurisdiction over Gemini's declaratory judgment claim against Medrano. Particularly, the Court finds that Gemini's claim against Medrano is contingent on situations that are unlikely to occur due to the settlement in the underlying proceeding.

    a. Gemini's amended complaint demonstrates that the actual controversy between Gemini and Medrano is contingent on several factors.

Subject matter jurisdiction over a declaratory judgment action is not defeated merely because the lawsuit is contingent on other events occurring. *See Orix*, 212 F.3d at 897. Moreover, there is no cap on how many contingencies there can be before a Court must decline the declaratory judgment request, such as a "three strikes and you're out" limitation. Instead, the district court must determine the likelihood that these contingencies will occur on a case-by-case basis. *See id.*

The Court begins its analysis with the conditions Gemini claims "may" occur that would lead to a lawsuit between Gemini and Medrano. (Doc. 40 at 26–27). The entirety of the Gemini's amended complaint argument for declaratory judgment against Medrano is as follows:

> **Declaratory Judgment Against Mercer and Medrano**
>
> Mercer is the Plaintiff who received the arbitration award in the Underlying Proceeding. Mercer has already expressed his intention to file a lawsuit in district court to have the arbitrator's award reduced to an enforceable judgment.
>
> To the extent that the final award is reduced to a judgment, Mercer will have a right to participate in this coverage action because any coverage determination by this Court may affect Mercer's rights related to that anticipated judgment. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C.A 2201(a), and any other applicable law, Gemini asks the Court to declare the rights, status, and/or legal obligations, as applicable, between Gemini and Mercer.

> Medrano is a named insured under the Cypress Policy, and Cypress *may owe* a duty to indemnify Medrano for certain damages awarded against Medrano that *may be* reduced to a judgment. This obligation of Cypress and Medrano directly affects the rights of Gemini and the other parties to this lawsuit. Without limitation, Gemini's rights are directly affected by the obligation of Cypress and Medrano because Gemini has a contractual and equitable subrogation rights that entitle it to step into the shoes of its insured, RE, and to recover any covered damages it *may be* required to pay on behalf of RE, from Medrano, up to the amount of the indemnity obligation that the arbitrator has already determined is owed by Medrano to RE. Further, the arbitration award against Medrano and RE is joint and several. Thus, any amount paid by Medrano, or its insurer Cypress, reduces any amounts that *may be* owed by Gemini. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C.A 2201(a), and any other applicable law, Gemini asks the Court to declare the rights, status, and/or legal obligations, as applicable between Gemini and Medrano.

*Id*. (emphasis added). According to Gemini's amended complaint, there "may be" a few things that need to happen before Medrano "may owe" Gemini money. At minimum, suit between Gemini and Medrano depends on how much of the arbitration judgment Medrano is required to pay but does not pay leaving RE on the hook for the remainder due to joint and several liability. Furthermore, Gemini, on behalf of RE, would need to pay that unpaid portion before Gemini would be entitled to sue Medrano to recover that amount. Gemini explains these scenarios in more detail in its response to Medrano's motion to dismiss. (Doc. 30). Regardless, these contingencies appear less likely in light of Medrano and Cypress's settlement with Mr. Mercer and RE.

    b. New developments in the case make it less likely that a suit will occur between Gemini and Medrano.

Gemini filed these amended pleadings on May 4, 2021. (Doc. 40). It is now March 22, 2022. As noted above, Gemini was concerned that Medrano's liability to Mercer or RE could result in a suit between Medrano and Gemini. Ten months later, the Court has no indication that the potential suit Gemini warned about has taken place. So, it is difficult for the Court to describe that controversy as one of "sufficient immediacy." But more importantly, several of the premises in Gemini's amended complaint and response to Medrano's motion to dismiss have changed casting

doubt on whether a suit between Gemini and Medrano is likely to occur. (Doc. 40 at 26–27); (Doc. 31 at 7).

On October 04, 2021, Thomas Mercer, RE, Medrano, and Cypress filed a Release from Judgment in the underlying proceeding confirming a settlement between them. The relevant part of the release contains the following language:

> Whereas, Mercer, RE and Medrano agreed to a settlement and release of the Judgment.
>
> Whereas, the receipt and sufficiency of payment to Mercer of a portion of the Judgment in the total amount of $1,000,000.00 is hereby acknowledged.
>
> Therefore, Mercer and RE do hereby release, acquit, and forever discharge Medrano and Cypress Texas Insurance Company of and from the entire Judgment, releasing any and all liens now existing on any property of Medrano by reason of such Judgment or the recording and indexing of any abstract of it. This Release of Judgment does not operate to fully release RE from the Judgment. A partial Satisfaction of Judgment is entered as to the Judgement against RE for $1,000,000.00 . . . .

*Mercer v. Reconstruction Experts, Inc.*, No. DC-21-00891 (95th Dist. Ct., Dallas County, Tex. Oct. 4, 2021) (Release of Judgment). RE's decision to "release, acquit, and forever discharge Medrano and Cypress of and from the Judgment" makes it less likely that Gemini will "step into the shoes of its insured, RE, and [] recover [from Medrano] any covered damages it may be required to pay on behalf of RE." *Id.*; (Doc. 40 at 27). Finally, the most recent status report filing in the instant case provides no indication that any party to the settlement has strayed or intends to stray from the terms of the agreement. (Doc. 62).

Thus, the Court finds that, as of now, there is no "substantial controversy of sufficient immediacy" between Gemini and Medrano. The settlement in the underlying proceeding reduces any hardship to Gemini and makes this particular request for relief unfit for judicial review at this time. Therefore, the case is not yet ripe for a declaratory judgment between those two parties.

## IV.     Conclusion

For the reasons stated above, Medrano's motion to dismiss, (Doc. 14), is GRANTED. Gemini's claims against Medrano are hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED: March 22, 2022.

*[signature]*

Ada Brown
UNITED STATES DISTRICT JUDGE